

**ORDERED in the Southern District of Florida on November 26, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    Case No. 14-30246-AJC

NATHAN J. ESSENSTAM, and
HOLLY G. ESSENSTAM,                                                    Chapter 13 Proceedings
   Debtors.   /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE
SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY
BANK OF AMERICA**

THIS CASE came to be heard on November 18, 2014, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 19; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

  A.  The value of the debtor's real property (the "Real Property") located at 9000 Abbott Avenue, Surfside, Florida 33154, and more particularly described as

**Lot 1, Block 8, Altos del Mar No. 4 as shown in Plat Book 10, Page 63 of of the Public Records of Miami-Dade County, Florida**

is $363,976.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Bank of America (the "Lender") is $ 0.00 .

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $363,976.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.
2.  Lender has an allowed secured claim in the amount of $363,976.00.
3.  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.
4.  The Real Property may not be sold or refinanced without proper notice and further order of the Court.
5.  Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted by:
Samuel S. Sorota, Esq.
Attorney for Debtors
801 N. E. 167th Street, Suite 308
North Miami Beach, Fl 33162
Tel. (305) 652 – 7777
Fax (305) 652 - 6454
ssorota@bellsouth.net

Attorney Samuel S. Sorota is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.